**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kevin J. EVERSON, Defendant–Appellant.**

No. 02–30346.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 23, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Kevin Everson appeals the 24–month sentence imposed after he pleaded guilty to two counts of wire fraud, in violation of 18 U.S.C. § 1343. Everson contends that the district court erred by increasing his offense level by four points for his leadership role under U.S.S.G. § 3B1.1(a). We have jurisdiction under 18 U.S.C. § 3742(a). We review for clear error, *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir.2000), and we affirm.

■ The evidence was sufficient to support the district court's finding that Everson was a leader or organizer of a criminal activity involving five or more participants. The preponderance of the evidence showed that Everson received the largest share of the compensation from the fraudulent loans, formed the group that participated in the fraud, and recruited accomplices. *See United States v. Govan*, 152 F.3d 1088, 1096 (9th Cir.1998); U.S.S.G. § 3B1.1, comment. (n.4).

■ Moreover, the district court complied with Fed.R.Crim.P. 32(c)(1) by considering Everson's objections to the presentence report ("PSR") but resolving the disputed facts against him. *See United States v. Karterman*, 60 F.3d 576, 583 (9th Cir.1995).

■ Finally, we reject Everson's contention that he did not have sufficient notice that he would be subject to the four-level increase under section 3B1.1(a). Although the PSR recommended a two-level increase under section 3B1.1(c), the district court informed Everson at the sentencing hearing of its view that the evidence was sufficient to justify the four-level adjustment and gave him a full opportunity to present his argument to the contrary.[1]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We do not consider Everson's contention that the district court erred by requiring him to dissolve the Lionheart Trust as a condition of supervised release because the district court has stricken that provision from the judgment.